JASPER A. HILDRETH ET AL. *v.* E. L. SHIPP.

[Abstract Kentucky Law Reporter, Vol. 3—393.]

**Sale of Property to Defraud Creditors.**

One largely in debt can not legally convey and sell his property for the purpose of defrauding his creditors, especially where the proof shows that no consideration was paid by his son who received the conveyance.

APPEAL FROM BOURBON CIRCUIT COURT.

November 12, 1881.

OPINION BY JUDGE PRYOR:

It was not an abuse of discretion on the part of the court to permit the filing of the amended petition, and without analyzing the testimony we do not well see how any other judgment could have been rendered on the facts than the one appealed from.

In a very short time after the judgment in the original case had been rendered, the whole estate of the debtor had passed out of his hands, or was so encumbered by heirs as to prevent the appellee from making his debt. This valuable estate had gone to near relatives, and large sums of money said to have been advanced that have in nowise been accounted for by the debtor; and the proof of the consideration alleged to have been paid by the son is by no means satisfactory.

The appeal by Hildreth did not preclude the party from attempting to secure his debt when the latter was attempting to dispose of his property to avoid payment; and besides, the amendment shows a return of no property found on the execution issued upon the judgment after it had been affirmed by this court.

Jasper Hildreth had burdened his estate by becoming bound as the surety for others, and doubtless thought it proper to secure something from the wreck, when seeing his estate applied to pay that for which he had received no consideration.    Such astions, however, the law cannot sanction, and the judgment must be *affirmed*.

*Prall & Dickson, Russell Mann, for appellants.*
*G. C. Lockhart, for appellee.*